UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **FRANCISCO SEVERO TORRES,** <br> Plaintiff, <br><br> v. <br><br> **WORCESTER RECOVERY CENTER AND HOSPITAL,** <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION** <br> **NO. 4:21-cr-40036-TSH** |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT (Docket No. 13)**

**AUGUST 31, 2021**

**HILLMAN, D.J.**

This is a *pro se* medical malpractice case brought by Francisco Severo Torres ("Torres" or "Plaintiff") against Worcester Recovery Center and Hospital ("WRCH" or "Defendant"). Pending before the Court is the Massachusetts Attorney General's Fed. R. Civ. P. 12(b)(1) and 12(b)(6) motion to dismiss the Complaint for lack of jurisdiction and failure to state a claim. (Docket No. 13).

**Background**

In January 2014, Plaintiff injured his back in a car accident. In April 2015, he was admitted to WRCH pursuant to a court order for a M.G.L. c. 123 §15(b) psychiatric evaluation. WRCH is a subdivision of the Commonwealth of Massachusetts Department of Mental Health. (Docket No. 14 at 4). At some point thereafter (no dates are provided), Plaintiff claims that

WRCH misdiagnosed his severe spinal pain from his prior injury as a mental disorder. (Docket No. 2 at 6-7). Plaintiff argues that WRCH should have obtained an MRI scan after Plaintiff complained about his back pain and disclosed his prior injury, and that WRCH's failure to examine him caused "5 years of irrevocable damages." (*Id*.). In January 2020, Plaintiff obtained an MRI from Dr. Yin at Leominster Hospital, which revealed two bulging disks in his back. (*Id.* at 6-7). In addition to his malpractice claim, Plaintiff claims that the WRCH staff mistreated and disrespected him, refused to give him a clear timeline about when he would be allowed to leave or petition for release, harassed him for wearing a beard, and that the facility was unclean and poorly maintained. (*Id.* at 7-9).

Most of the allegations did not cite the names of individual employees, but Plaintiff identified Lisa Score[1] as an employee who made a judicial recommendation that Plaintiff remain in WRCH care. Plaintiff claims that he never agreed to allow Ms. Score to perform a mental health evaluation, although he admits that he told her "verbatim 'I will talk to you know, but I don't authorize you." (*Id.* at 9). He further claims that a staff member named Robin spoke to his mother without his consent while using his mother's testimony against him in some sort of proceeding, though no further details are given about such proceeding. (*Id.*).

**Procedural History**

Plaintiff, a citizen of Massachusetts, filed the Complaint on March 30, 2021, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331 to adjudicate constitutional claims and naming WRCH as the sole defendant. (Docket No. 2 at 1-3). The Commonwealth requested additional time to investigate Plaintiff's claims and prepare a motion to dismiss based

---

[1] Lisa Score was not named as a defendant in the Plaintiff's Complaint.

on the apparent Eleventh Amendment and statute of limitation issues, which the Court granted. (Docket No. 8, 9). Anticipating the Commonwealth's sovereign immunity argument, on June 3, 2021 Plaintiff submitted a five-page filing entitled "Plaintiff's Amended Claims and Response to the Motion to Dismiss" which clarified that the "[t]he plaintiff is not suing the state, the plaintiff is suing the people insured by the state (which is the attorney general's office's affair)." (Docket No. 11, ¶ 1). He added that "[t]he Eleventh Amendment motion to dismiss is null and void, because the Plaintiff is seeking damages caused by the hospital which is an established business and the employees that made the mistake within the hospital." *Id*. The remainder of the document did not state any new facts about individual WRCH employees or facts about Plaintiff's alleged mistreatment at WRCH. *Id*.

On June 11, 2021, the Massachusetts Attorney General filed the instant motion to dismiss for lack of jurisdiction under the Eleventh Amendment and failure to state a claim, asserting WRCH's immunity from suit as a state-run mental hospital and adding that any claims raised by Plaintiff's amended complaint against particular WRCH employees were barred by the Massachusetts Tort Claims Act's statute of limitations. (Docket No. 13; M.G.L. c. 258 § 4). Plaintiff's June 21, 2021 11-page opposition to the motion to dismiss, which was tendered as an "explanation/response/addition" to Plaintiff's amended complaint, stated new claims for abuse of process, false arrest, malicious prosecution, libel, slander, deceit, and interference against WRCH employee Lisa Score and a host of other unnamed individuals and institutions who appear to have been involved with the court order transporting Plaintiff to a hospital for psychiatric evaluation. (Docket No. 15). That list includes: the Fitchburg Police Department, the Massachusetts state court system, the Massachusetts Department of Mental Health, and an unidentified district attorney. (*Id*. at 1-5).

**Legal Standard**

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992). If the defendant mounts a "sufficiency challenge," the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). Nonetheless, a plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (internal citations and quotations omitted). If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. *Valentin* at 363. The court has "broad authority" in conducting the inquiry and can, in its discretion, consider extrinsic evidence in determining its own jurisdiction. *Id*. at 363-64.

To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

**Discussion**

I.        R. 12(b)(1) Motion to Dismiss

In conducting this initial review, the Court liberally construes the amended complaint because Plaintiff is proceeding *pro se*. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Accordingly, it will credit Defendant's statements that he intended to file suit against "the people insured by the state" namely, WRCH and its employees.

Plaintiff has not stated whether he is suing the WRCH employees named in his amended complaint as employees in their official or non-official capacities. Because he served WRCH and has made no effort to serve any individual Defendant, and his complaint implied that the state is ultimately at fault and must pay damages, I construe Plaintiff's pleadings to mean that he is suing the state employees in their official capacities.

I find that Plaintiff's claims against WRCH and its employees are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution prohibits federal courts from hearing cases brought against a state, or an arm of a state. "The Supreme Court ... has expanded the doctrine of sovereign immunity beyond the literal words of the Eleventh Amendment, holding that state governments, absent their consent, are not only immune from suit by citizens of another state, but by their own citizens as well." *Guillemard–Ginorio v. Contreras–Gomez*, 585 F.3d 508, 529 n. 23 (1st Cir. 2009) (citing *Alden v. Maine*, 527 U.S. 706, 728–729, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Federal courts lack jurisdiction to adjudicate suits against individual states unless the state has waived its Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it… a State cannot be sued directly

in its own name regardless of the relief sought"). The Eleventh Amendment bar on adjudicating suits against states in federal court "remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 472 U.S. 159, 169 (1985).

WRCH is an agency of the Commonwealth and subdivision of the Department of Mental Health. Plaintiff has not shown that Massachusetts has waived its immunity as to his claims, so this Court has no power to adjudicate the case. See U.S. CONST. amend. XI; *Elias v. Elias*, 2013 WL 3777069, at *5 (D. Mass. July 15, 2013) ("[T]he Commonwealth of Massachusetts and its courts (as instrumentalities of the State) are not subject to suit in this Court, under the doctrine of sovereign immunity grounded in the Eleventh Amendment."); *Pennhurst State School*, 465 U.S. at 100.

Defendant's motion to dismiss Plaintiff's claims is ***granted***.

## Conclusion

For the reasons set forth above, the Commonwealth's motion to dismiss is ***granted***.


**SO ORDERED.**

*/s/ Timothy S. Hillman*
**Timothy S. Hillman**
**DISTRICT JUDGE**
